[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On March 14, 2000, the plaintiff Juan Moreno, filed a three-count complaint against the defendant, Thermospas, Inc. (Thermospas), wherein the following facts are alleged. The plaintiff was employed through Admiral Temps, Inc. (Admiral Temps), also known as Express Personnel, Inc. (Express Personnel), an employment agency, at the Thermospas manufacturing facility. On May 20, 1998, the plaintiff sliced his right thumb while operating an electric table saw at Thermospas' facility. The plaintiff alleges that the resulting injuries and damages were caused by the carelessness and negligence of Thermospas. The plaintiff alleges that Thermospas' wrongful acts and omissions violated the obligation to provide a safe work place, in violation of General Statutes § 31-49. The plaintiff further alleges that he is entitled to punitive damages because Thermospas acted recklessly, wantonly and in willful disregard of the safety of the plaintiff and others by knowingly providing a dangerously defective electric table saw.
On March 27, 2000, the court, Holzberg, J., granted Express Personnel's motion to intervene.[1] Thereafter, on August 29, 2000, Thermospas filed a motion for summary judgment with a supporting memorandum, an affidavit from Michael Pinciaro, the vice-president of Thermospas, and the report of first injury. In response, the plaintiff, on October 2, 2000, filed a memorandum in opposition with his own affidavit, the Workers' Compensation Commission agreement as to workers' compensation and the defendant's responses to plaintiff's interrogatories and request for production. This motion is now before the court.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial CT Page 3170 court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Miles v. Foley, 253 Conn. 381, 3 85-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed."Morascini v. Commissioner of Public Safety, 236 Conn. 781, 809,236 A.2d 1340 (1996).
Thermospas argues that the plaintiff's action, based on common law and statutory claims for negligence, is barred by the exclusivity provision of General Statutes § 31-284 (a).[2] Thermospas next argues that under the "right to control test," it was the plaintiff's employer because it exercised actual control and authority over the means, mode and manner in which the plaintiff's services were performed. Further, Thermospas cites Whitehead v. Safeway Steel Products, Inc., 304 Md. 67,497 A.2d 803 (1985), for the proposition that the plaintiff can be considered a dual employee of two employers. In response, the plaintiff argues that determination of his employee status is a question of fact. The plaintiff further argues that even if Thermospas was considered his principal employer, he is not precluded from bringing this action pursuant to General Statutes § 31-291.[3]
"Because only employees are entitled to compensation under the [Workers' Compensation Act], it is clear that coverage must arise from a contract of employment, either express or implied."[4] Blancato v.Feldspar Corp., 203 Conn. 34, 38, 522 A.2d 1235 (1987). "The determination of the status of an individual as an independent contractor or employee is often difficult . . . and, in the absence of controlling considerations, is a question of fact. . . . The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work." Hanson v. Transportation General, Inc., 45 Conn. App. 441,446, 696 A.2d 1026, aff'd, 245 Conn. 613, 716 A.2d 857 (1998). "The right to control test, utilized in this state, has been described as follows: One is an employee of another when he renders a service for the other and when what he agrees to do, or is directed to do, is subject to the will of the other in the mode and manner in which the service is to be done CT Page 3171 and in the means to be employed in its accomplishment as well as in the result to be attained. . . ." (Internal quotation marks omitted.) Id., 443-44.
Connecticut does not appear to have adopted a "dual employee" standard for those persons who work through a temporary employment agency.[5]
Furthermore, determining the employee status of the plaintiff is a question of fact for the trier. Hanson v. Transportation General, Inc., supra, 45 Conn. App. 446. Thermospas has provided no evidence which supports the existence of an employment contract between it and the plaintiff The plaintiff received a paycheck solely from Admiral Temps. (Moreno Affidavit, Exhibit A.)
Moreover, it is undisputed that Thermospas has not paid the plaintiff any compensation benefits for the injuries he sustained. Id. Under §31-284 (a), an employer is required to secure compensation benefits for its employees. The fact that Thermospas failed to do so creates an issue of material fact as to whether Thermospas was truly the plaintiff's employer and entitled to immunity from suit.[6]
As previously noted, the plaintiff argues that he is not precluded from bringing this action, pursuant to General Statutes § 31-291, even if Thermospas was considered his principal employer. General Statutes §31-291 provides a principal employer with immunity from suit so long as it has paid compensation benefits to its employee. Thermospas has not raised, however, the principal employer defense in connection with its motion for summary judgment. Accordingly, a discussion on whether Thermospas is entitled to the principal employer defense is not warranted.[7]
Further, the plaintiff at short calendar, argued that General Statutes § 31-292 is applicable to the present case, General Statutes §31-292 provides that "[w]hen the services of a worker are temporarily lent or let on hire to another person by the person with whom the worker has entered into a contract of service, the latter shall, for the purposes of this chapter, be deemed to continue to be the employer of such worker while he is so lent or hired." Thus, the parties must have intended the plaintiff to work at Thermospas for a fixed period of time in order for the plaintiff to qualify as a "loaned employee." See generally Koscak v. Molt Metallurgical Corp., Superior Court, judicial district of Hartford, Docket No. 536404 (June 28, 1996, Hennessey, J.). No evidence was provided regarding Thermospas' and Express Personnel's intent as to the duration of the plaintiff's work at Thermospas. Further, "[s]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." CT Page 3172 (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 111, 639 A.2d 507 (1994). The court finds that this issue should be left to the trier of fact.
In sum, the plaintiff has provided a sufficient foundation to demonstrate that a genuine issue of fact exists regarding his employee status.
After viewing the evidence in the light most favorable to the plaintiff, the court finds that Thermospas' motion for summary judgment should be denied.
By the Court,
Joseph W. Doherty, Judge